*Lane, C. J.
The defendant’s patent is void, under the [277 act of Congress of 1807, and the only points in the case are upon the plaintiff’s titlA To this the defendant offers two objections:
I. That the patent issued after the death of James Mabin.
This court, in the Lessee of Wallace v. Sanders, 7 Ohio, 173, pt. 1, regarded the conveyance of a title from the United States to a person deceased as of no validity.
In 1836, the act of Congress was passed, by which the titles assumed to be convoyed by patents issued under these circumstances,. *278 are vested in the heirs or assignees of the deceased. We suppose this removes the ground of the first objection.
II. That the proceedings in chancery against heirs unknown confer no interests and bind no rights.
The statute then in force (Chase’s Laws, 1279, sec. 14) authorizes proceedings against the heirs of decedents, without naming them, where their names are unknown; provided, that the complainant, before process or order against them, shall make an affidavit that he does not known their names. We suppose it to be within the legitimate scope of legislative power to direct the forms of process, and the system of proceeding; by which lands lying within its jurisdiction are to be affected; and it seems a convenient and necessary exercise of this power t’o devise the means of adjudicating the titles to land here, where owners are abroad or unknown.
A substantial compliance with the law is required. We regard it as having been practiced in the present case, for the affidavit, which is one of. the steps conferring jurisdiction, was made before any binding force was attempted to be exercised over the rights of the defendant.
Judgment for the plaintiff.†

A. statute in Kentucky authorizes a bill in chancery to be filed against unknown heirs, if an affidavit be annexed to such bill that the names of the 'heirs are unknown. In Hynes v. Oldham, 3 Mon., 266^ it is held, that a decree for the conveyance of real estate, against unknown heirs, is not void, •even if no affidavit be made, the court having jurisdiction of the subject mat■ter. But in New York, a judgment in partition under the statute, where ■part of the premises belongs to owners unknown, is not valid unless it appear ■upon the face of the record that the affidavit required by the statute, that the ■plaintiff is ignorant of the names, etc., was duly presented to the court, and •notice duly published. Denning v. Corwin, 11 Wend. 647.